UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CYNTHIA PENA | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. 5:19-CV-00183 |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant*. | § | |

# DEFENDANT'S NOTICE OF REMOVAL

Defendant Allstate Fire and Casualty Insurance Company hereby removes this lawsuit which is currently pending in the District Court for the 150th Judicial District of Bexar County, Texas, Cause No. 2019-CI-01449, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

## BACKGROUND

1. On January 23, 2019, Plaintiff filed her Original Petition styled *Cynthia Pena v. Allstate Fire and Casualty Insurance,* in which Plaintiffs allege contractual and extra-contractual causes of action based on a claim for underinsured motorist benefits.  *See* **Exhibit A**.

2. Plaintiff served Defendant with Plaintiff's Original Petition and process on February 1, 2019, by certified mail on its registered agent. *See* **Exhibit B**.

3. Plaintiffs assert causes of action for declaratory judgment, breach of contract, and violations of the Texas Insurance Code. *See* Plaintiff's Original Petition. Plaintiff affirmatively plead for damages in excess of $200,000 but less than $1,000,000. *Id.*, at ¶ V.

4. Plaintiffs have demanded a jury trial. *Id.*, at Prayer.

{00491373}

5.	Defendant has not answered the suit in state court.

## GROUNDS FOR REMOVAL

6.	This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### A. Parties are Diverse

7.	Plaintiff is a natural person who affirmatively alleges that she is a Texas resident. *See Plaintiff's Original Petition,* ¶ III.

8.	Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

### B. Amount in Controversy

9.	The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10.	Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, Plaintiff alleges she seeks monetary relief over $200,000 but not over $1,000,000. *Id.*, at ¶ V.

11.	Moreover, although Plaintiff has attached a declarations sheet showing that her maximum underinsured motorist coverage per person is $30,000.00, that fact by itself does not

negate the amount in controversy she has currently pleaded. Plaintiff has pleaded for her attorney's fees under breach of contract, the Texas Uniform Declaratory Judgment Act, and for violations of the Texas Insurance Code. Recoverable attorney's fees under a statutory cause of action are considered as part of the amount in controversy. *Chavez v. Maximus, Inc.*, No. SA-10-CV-538-XR, 2010 WL 2950313, at *2 (W.D. Tex. July 23, 2010.0.). Furthermore, assuming a jury finds her entitled to the entire $30,000.00 in available UIM coverage, she may be entitled to 18% punitive interest on that sum under the Insurance Code, which is also relevant to the amount in controversy. *Watson v. Provident Life & Accident Ins. Co.*, No. 3:08-CV-2065-G, 2009 WL 1437823 (N.D. Tex. May, 22, 2009). As plaintiff has pleaded these damages in addition to her policy benefits and alleged her case's vale as over $200,000.00, the amount in controversy should be determined to be in excess of $75,000.00 at this time.

12. Based on the foregoing, the amount in controversy exceeds $75,000.00.

### REMOVAL IS PROCEDURALLY PROPER

13. This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

14. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

15. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibit A and Exhibit B.

16. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Bexar County.

**PRAYER FOR RELIEF**

17. Defendant Allstate Fire and Casualty Insurance Company prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

 /s/  Joseph E. Cuellar
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 25th day of February 2019, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and via e-service in the state court proceeding:

Roy D. Quillian, III
Roy D. Quillian, III, P.C.
309 Water Street, Suite 105
Boerne, Texas 78006
*Counsel for Plaintiff*

                                      */s/* Joseph E. Cuellar
                                      **Robert E. Valdez**